(28 App. Div. 493.)

ALVORD v. FLETCHER.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

INJUNCTION—BUILDING RESTRICTIONS.

> Where two parcels of land are both subject to the same covenant, restricting the class of buildings to be erected thereon and their distance from the street, the fact that the owner of one of them is maintaining thereon a building which violates the covenant justifies the court in refusing him a preliminary injunction restraining the owner of the other parcel from committing a similar breach.

Appeal from special term, Westchester county.

Action by Eliza J. Alvord against Thomas A. Fletcher. From an order vacating a preliminary injunction, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Milo J. White, for appellant.

Frank M. Tichenor, for respondent.

PER CURIAM. The purpose of this action was to prevent the erection of a chapel or meeting house on the defendant's land, in violation of a covenant to which the premises were subject, and which, among other things, prohibited the erection thereon of "any buildings, except substantial dwellings and the usual outbuildings to dwellings." A preliminary injunction was granted upon the complaint and an affidavit of the plaintiff's attorney. This injunction was shortly afterwards vacated at special term upon affidavits in behalf of the defendant, which showed that the church proposed to be erected was merely a temporary building, to be used by a congregation in the city of Mt. Vernon until their permanent church edifice should be completed, which would probably be within 24 months, at the expiration of which period the temporary church

would be removed. The defendant also proved by affidavit that upon the plaintiff's land, which was subject to the same covenant, she maintained a building within 30 feet of the front line, although the covenant forbade the erection of any dwelling or other building within that space. It is very doubtful whether a temporary or portable church, such as this was, designed for use during a period not exceeding 24 months, while a permanent church was being erected, came within the prohibition of the covenant. But, whether it did or not, the court, in the exercise of its discretion, was justified in refusing to continue the injunction pendente lite, because it appeared, without contradiction, that the plaintiff herself was maintaining on her own property a house built in violation of the very covenant one of the provisions of which she was seeking to enforce against the defendant.

Order affirmed, with $10 costs and disbursements to abide the final award of costs in the action.

